IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Warren Russell, #316802, | ) | CIVIL ACTION NO. 9:09-2120-HFF-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Jon E. Ozmint, Commissioner of SCDC, Associate Warden Margret E. Bell, Associate Warden J. Brooks, and Ms. Whitney, Mail Room Personnel, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on February 3, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 4, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion for summary judgment on February 10, 2010, as well as his own motion for summary judgment on February 18, 2010. Defendants filed a memorandum in opposition to the Plaintiff's motion on March 2, 2010.





These motions are now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified complaint[2] that he had a previous federal court case, Russell v. Alvin S. Glenn Detention Center, Civil Action No. 9:09-548, in which he had received an adverse decision which he was trying to appeal to the Fourth Circuit Court of Appeals. Plaintiff alleges that his deadline for filing his appeal with the Fourth Circuit was July 23, 2009. Plaintiff alleges that the Lee Correctional Institution (LCI), where he is housed, has one day reserved for mail room activities for each unit/dorm, with the day usually reserved for his dorm being Thursday. Plaintiff alleges that, in this instance, Thursday was July 23, 2009. Plaintiff alleges that after informing two correctional officers (neither of whom are Defendants in this case) that he had a deadline for mailing out documentation, the mail room was called to inform them that Plaintiff had important documents that needed to be mailed out on that day. Plaintiff alleges, however, that the mail room stated that he could not come out to mail his documents even though it was normal mail room hours.[3] Plaintiff alleges that this caused his appeal to be denied, and that he was thereby denied access to the Courts in violation of his constitutional rights.

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Both parties have filed motions for summary judgment. As these motions are dispositive, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[3]Plaintiff states that he has attached to his complaint as Exhibit 1 a signed statement by one of these correctional officers, Officer Lorick, confirming that he did in fact speak with the Defendant Whitney in the mail room, and was told that Plaintiff could not come to the mail room. However, that document is actually a document that has been signed by the Plaintiff, and witnessed by Lorick. See Complaint, Exhibit 1.





Plaintiff further alleges that a statement concerning his trust account must be sent to the Court of Appeals as part of the appeal, and that he sent this statement (a copy of which is attached to his Complaint as Exhibit 2) to the mail room on July 12, 2009, being received in the mail room on July 13, 2009. Plaintiff further alleges that with that statement he sent a request informing the Department that the due date for that statement was the date of July 17, 2009, in an attempt to avoid any delays in meeting the real deadline, which was July 23, 2009. Plaintiff alleges that his trust account statement was not "facilitated" until July 17, 2009, was not returned to the mail room until July 23, 2009, and was not given to the Plaintiff until July 24, 2009. Plaintiff alleges that these actions show a deliberate attempt by SCDC employees to restrain and/or restrict his access to the courts. Plaintiff also alleges that he is supposed to receive a form showing mailing of his legal mail within two days, but in this case the mailing of his trust account statement was delayed for nine business days, eleven days total.

Plaintiff seeks monetary damages, together with declaratory and/or injunctive relief. See generally, Verified Complaint, with attached Exhibits.

As an attachment to a document filed with the Court on February 2, 2010 objecting to the Defendants' answer, Plaintiff submitted a copy of a Step One grievance dated July 29, 2009, showing a response from the Warden of August 4, 2009. Plaintiff has also submitted a statement signed September 8, 2009, together with copies of documents relating to his prisoner trust account.

In support of summary judgment in the case, the Defendants have submitted an affidavit from the Defendant Anthony Padula, Warden of Lee Correctional Institution. Padula attests that Plaintiff is housed in the Chesterfield unit, which is one of the most secure units in the facility, and that the Chesterfield unit's designated time for sending documents to the mail room is 9 to 9:30 a.m. Further, mail privileges may be curtailed if the unit is on lock down. Padula attests





that Plaintiff is well aware of these rules. Padula further attests that an inmate's statement account for the Cooper Trust Account must be forwarded to financial accounting with the Department of Corrections, and is not completed at LCI, a rule of which Plaintiff is also aware. Padula attests that LCI has no control over the amount of time it takes accounting to complete this form and return it to the Institution.

Padula attests that Plaintiff filed a Step One grievance against the Defendant Whitney of the mail room regarding being denied the opportunity to mail documentation. Padula further attests that when this grievance was denied, Plaintiff filed a Step Two grievance[4], and that he has not yet received the agency response to that grievance. Padula attests that Plaintiff has filed no grievance regarding the timeliness of his Cooper Trust Fund account statement being returned to him, nor has he filed any grievances against Padula, Director Ozmint, Associate Warden Bell, or Associate Warden Brooks regarding the matters alleged in the complaint.

Attached to Padula's affidavit is a copy of the Step One grievance (LCI 2089-09) Plaintiff filed relating to his legal mail, which bears a signature date of July 27, 2009. The Warden responded to this Step One grievance on August 4, 2009, and Plaintiff indicated he wished to appeal on August 24, 2009. A copy of Plaintiff's Step Two appeal is also attached to Padula's affidavit, bearing a grievance signature date of August 24, 2009, showing receipt by the Inmate Grievance Branch on August 25, 2009. Plaintiff's complaint is dated and was received in the prison mail room

---

[4]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step One), the inmate may then appeal the Warden's decision by filing a Step Two appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc., 425 F.2d 1296; see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).





on August 7, 2009.[5]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

Defendants argue in their motion for summary judgment, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

[5] Houston v. Lack, 487 U.S. 266, 270-76 (1988)[prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court].





exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claim in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, the Defendants have submitted an affidavit from the Warden of the Lee Correctional Institution, in which he attests that the prison has a grievance system in place, and that although Plaintiff did file a grievance with respect to his legal documents allegedly not being timely mailed, he had not received a final agency response to that grievance prior to filing this lawsuit. See Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. The Defendants have also submitted copies of Plaintiff's grievance, which shows that Plaintiff did not receive a response to his Step One grievance until August 4, 2009, only three days before he executed his complaint for filing with the District Court, did not sign the decision indicating that he wished to appeal until August 24, 2009, and that his Step to appeal was not received by the Inmate Grievance branch until August 25, 2009. The



undersigned is also constrained to note that, in Section II of Plaintiff's Verified Complaint, when asked if he has received a final agency/departmental/institutional answer or determination concerning his grievance, Plaintiff answered "No".

In sum, Plaintiff has provided no evidence to dispute the Defendants' evidence showing his failure to exhaust his administrative remedies, and indeed concedes in his verified complaint that he had not received a response to his grievance prior to filing this lawsuit. This evidence entitles the Defendants to summary judgment in this case. See Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]. Plaintiff's only response to the Defendants' evidence in his filings is to argue that he effectively exhausted his administrative remedies because the Defendants have taken too long to respond to his Step Two grievance. However, this argument does not address the fact that Plaintiff filed this lawsuit in the United States District Court before he had even *filed* his Step Two grievance. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman, 196 F.3d at 645. Therefore, Plaintiff's argument with respect to the current status of his grievance is without merit. Cf. Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not properly pursue his administrative remedies].

**Conclusion**

Based on the foregoing, the undersigned finds that the Defendants have met their burden of establishing the Plaintiff failed to exhaust his administrative remedies with respect to his



claim prior to filing this lawsuit. Therefore, it is recommended that the Plaintiff's motion for summary judgment be **denied**, that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies. Harvey, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not properly pursue his administrative remedies]; Freeman, 196 F.3d at 645 [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]; Hyde, 442 S.E.2d at 583 ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"].

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

March 24, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

