

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| WARREN RUSSELL,<br>Plaintiff,<br><br>vs.<br><br>JON E. OZMINT,<br>Commissioner of SCDC, et al.,<br>Defendants. | §<br>§<br>§<br>§ CIVIL ACTION NO. 9:09-2120-HFF-BM<br>§<br>§<br>§<br>§ |

ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's motion for summary judgment be denied, that Defendants' motion for summary judgment be granted, and that this case be dismissed, without prejudice, for failure of Plaintiff to exhaust his administrative remedies. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 24, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on April 5, 2010, his second set of objections on April 6, 2010, and his Request for Stay on April 13, 2010. The Court has reviewed these submissions, however, and finds them to be without merit. Therefore, the Court will enter judgment accordingly.

As to Plaintiff's arguments concerning the exhaustion issue, the Supreme Court has made clear that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or *some other wrong*." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted) (emphases added). Moreover, and as observed by the Magistrate Judge,

> Plaintiff's only response to . . . Defendants' evidence in his filings is to argue that he effectively exhausted his administrative remedies because . . . Defendants have taken too long to respond to his Step Two grievance. However, this argument does not address the fact that Plaintiff filed this lawsuit in the United States District Court before he had even *filed* his Step Two grievance. Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending. Therefore, Plaintiff's argument with respect to the current status of his grievance is without merit.

(Report 7) (citations omitted) (emphasis in original).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's motion for summary judgment be **DENIED**, that Defendants' motion for summary judgment be **GRANTED**, and that this case be **DISMISSED**, without prejudice, for failure of Plaintiff to exhaust his administrative remedies.

**IT IS SO ORDERED**.

Signed this 20th day of April, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.